**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-41206
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY LANE BRADFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-195-ALL

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gary Lane Bradford pleaded guilty to possession of a machine gun and possession of an unregistered firearm, in violation of 18 U.S.C. § 922(o)(1) and 26 U.S.C. § 5861(d). As part of his plea agreement, Bradford waived the right to appeal his conviction and sentence except in limited circumstances that included the district court's denial of his motion to suppress. He now appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the district court's denial of his motion to suppress evidence obtained pursuant to a search warrant.

Bradford's wife, Rebecca Bradford, reported to Plano, Texas police officers that her husband pointed a 9-millimeter pistol at her head and fired. No bullet was in the chamber. After learning of this alleged assault, the officers conducted an investigation and prepared an affidavit for presentation to a judge in connection with obtaining a search warrant. The affidavit stated: "There is at said suspected place and premises personal property concealed and kept and subject to seizure under the laws of Texas and described as follows: (1.) 9mm Pistol." Later in the affidavit it stated: "Rebecca stated that her husband owns many weapons and keeps them inside the residence and his vehicles." A Texas district judge signed a search warrant "to enter the suspected place and premises described in said Affidavit [the Bradford residence] and to search there for the personal property described in said Affidavit and to seize same and bring it before me."

Upon entering the Bradford residence to execute the warrant, officers quickly found a 9-millimeter Beretta pistol in the nightstand. They nonetheless continued searching the home for another 9-millimeter pistol. At the motion to suppress hearing, one officer explained that the continued search was based upon Rebecca's statement that Bradford had multiple weapons and the officers' concern that they may not have located the correct 9-millimeter pistol alleged to have been used in the assault.[1] Ultimately, the officers found a machine gun (altered to make it fully automatic) and silencer that formed the bases for the instant prosecution.

---

[1] They ultimately found another firearm, of a different make and type but similar in appearance to the 9-millimeter pistol, which Rebecca determined was the actual one used in the alleged assault. That firearm is not the subject of this prosecution.

Bradford argues that the officers exceeded the scope of the warrant when they continued searching after they found a 9-millimeter pistol. Bradford's argument lacks merit. The affidavit in support of the search warrant was based on Rebecca's sworn statement that Bradford had pointed a 9-millimeter pistol at her and pulled the trigger upon her arrival at their residence. Rebecca's sworn statement also provided that Bradford kept many other firearms and ammunition at their residence. Her statement to the officers indicated that her husband had two 9-millimeter pistols. The affidavit proffered to the district judge contained much more than conclusory statements and was factually specific. It was not lacking in indicia of probable cause. *See United States v. Cherna*, 184 F.3d 403, 408 (5th Cir. 1999). Thus, the officers conducting the search relied on the warrant in objectively reasonable good faith. *See United States v. Satterwhite*, 980 F.2d 317, 320-21 (5th Cir. 1992).

This case is different from those cited by Bradford in support of his appeal. For example, in *Creamer*, the search warrant described only two television sets and gave their specific serial numbers. *Creamer v. Porter*, 754 F.2d 1311, 1314 (5th Cir. 1985). Nonetheless, after they found the specific televisions, officers continued searching in places such as desk drawers where a television of the type described could not possibly be found. *Id.* at 1316. It was under these circumstances that we found the search improper. *Id.* at 1318.

Similarly in *United States v. Loe*, 248 F.3d 449, 460 (5th Cir. 2001), which Bradford contends requires us to reverse the district court, we noted that officers cannot objectively rely in good faith when they exercise a warrant in violation of the Fourth Amendment. However, that argument begs the question of whether these officers violated the Fourth Amendment. *Loe* makes clear that items of "incriminatory character," as these clearly were, may be seized even if not described in the warrant. *Id.*

We conclude that this search was not the generalized rummaging condemned in *Creamer*. We hold that the search in question and concomitant

seizure, under these specific circumstances, do not violate the Fourth Amendment. Accordingly, the district court did not err in denying Bradford's motion to suppress. *See Cherna*, 184 F.3d at 407.

Bradford's conviction is AFFIRMED.